**Ehsan ELAHI, Petitioner–Appellant,**

v.

**John D. ASHCROFT, United States Attorney General, Respondent– Appellee.**

No. 02–2733.

United States Court of Appeals, Second Circuit.

July 7, 2003.

Michael G. Moore, Springfield, MA, for Appellant.

William M. Brown, Jr., Assistant United States Attorney (Jeffrey Meyer, Assistant

United States Attorney, on the brief), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Present: McLAUGHLIN, B.D. PARKER, Jr., and RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Ehsan Elahi appeals from a judgment of the United States District Court for the District of Connecticut (Gerard L. Goettel, *Judge*) denying his petition for a writ of habeas corpus. Following a hearing before an immigration judge ("IJ"), Elahi's requests for asylum and for withholding of deportation were denied, and he was ordered excluded and deported from the United States. The Board of Immigration Appeals ("BIA") dismissed Elahi's appeal. In May 2002, Elahi filed a petition for a writ of habeas corpus in the District Court pursuant to 28 U.S.C. § 2241, seeking political asylum. The District Court denied the petition. *Elahi v. Ashcroft*, No. 3:02CV0789, 2002 WL 31433290 (D.Conn. Oct. 28, 2002).

 Elahi raises three arguments on appeal. First, he argues that the ineffectiveness of the attorney who represented him at the hearing before the IJ deprived him of due process. Second, he argues that, because of his own mental incompetence, he should not have been permitted to testify at the hearing. Third, he argues that the District Court should have remanded to the BIA the question of whether he is entitled to asylum on the basis of changed circumstances in Pakistan. These arguments all lack merit.

In order to succeed on his ineffectiveness claim, Elahi "must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Saleh v. United States Dep't of Justice*, 962 F.2d 234, 241 (2d Cir.1992) (internal quotation marks omitted). Elahi must establish that "competent counsel would have acted otherwise" and that he "was prejudiced" by counsel's incompetence. *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994) (quotation marks omitted). Elahi makes several arguments about his former counsel's alleged ineffectiveness. He contends that counsel inadequately prepared for the hearing and inadequately investigated Elahi's mental capacity, failed to submit documentary evidence regarding Elahi's health, and failed to conduct a direct examination of Elahi.

The District Court properly rejected Elahi's ineffectiveness claim. First, Elahi presents no evidence in support of his allegation that counsel failed to prepare adequately or to investigate Elahi's mental capacity. Second, the District Court correctly found that "it is not at all clear that [ ] documentary evidence [regarding Elahi's health] exists or that it would have affected the outcome." *Elahi*, 2002 WL 31433290, at *3. Third, counsel's failure to conduct a direct examination of Elahi regarding the merits of his asylum request was apparently part of a strategic decision to rely on Elahi's written asylum request, which was admitted into evidence. Moreover, counsel did conduct a direct examination regarding Elahi's health and also conducted an extensive redirect examination of Elahi regarding the merits of his asylum request. Elahi has not shown that counsel's representation was so deficient as to violate due process, nor has he shown that he was prejudiced by counsel's representation.

Elahi's arguments regarding his mental capacity are also unavailing. Because Elahi did not raise this issue with the District Court, and that court did not address it, we will not consider it in the first in-

stance. *See, e.g., Mattel, Inc. v. Barbie–Club.com,* 310 F.3d 293, 306 (2d Cir.2002). Regardless, were we to consider the merits of this issue, we would agree with the determinations of the IJ and the BIA that Elahi was competent to testify, as his testimony exhibited more coherence and better recall than his attorney argues it did.

■ Finally, the District Court did not err in declining to remand to the BIA the question of whether changed circumstances in Pakistan entitle Elahi to political asylum. Elahi has neither filed a motion to reopen the BIA proceedings for consideration of changed circumstances nor explained his failure to do so. If Elahi wants the BIA to consider his changed circumstances claim, he must present that argument to the BIA.

Accordingly, the judgment of the District Court is hereby affirmed.