**Maqsood Hussain SABRI, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

**No. 07–2066–ag.**

United States Court of Appeals, Second Circuit.

Dec. 27, 2007.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Adam Paskoff, Stephen Ira Tamber, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Vanessa O. Lefort, Trial Attorney, Wash., D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Maqsood Hussain Sabri, a native and citizen of Pakistan, petitions for review of the April 16, 2007 BIA decision denying Sabri's motion to reopen his removal proceedings. *In re Sabri,* No. A95 961 664 (B.I.A. Apr. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

Here, the BIA did not abuse its discretion when it found, and explained, that Sabri had not shown that he was prejudiced by the conduct of his former attorney (Zaidi) and was therefore not entitled to an exception for the untimeliness of his motion to reopen. *See Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994). The BIA explicitly found that Sabri's claim regarding voluntary departure was without merit, given that, even if he could have received a grant of voluntary departure, "he would have departed [the United States] under that order long before the receipt of his [immigrant worker petition] approval notice." Thus, the BIA found that Zaidi's conduct did not prejudice Sabri's immigration status. Because the BIA explained its reason for denying Sabri's arguments, it did not abuse its discretion in denying his motion to reopen.

The BIA also did not abuse its discretion by failing to address Sabri's claim regarding the difference in consequences between voluntary departure and an order of removal, as Sabri did not raise that argument in his brief to the BIA. Furthermore, even if this Court were to address that issue in the first instance, on the ground that Sabri's argument regard-

ing the relatively harsher consequences of removal is a "specific, subsidiary legal argument[ ], or argument[ ] by extension" of one that he made below, *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005), and was therefore exhausted, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007), we would conclude that Sabri was not prejudiced by his counsel's errors.

■ Sabri argues before this Court that because Zaidi did not inform him of the requirements for voluntary departure, he was ordered removed and was therefore barred from reentering the United States for a period of ten years, which he could have avoided under a grant of voluntary departure. But under 8 U.S.C. § 1182(a)(9)(B)(i)(II), an alien who has been unlawfully present in the United States for over one year and voluntarily departs still faces a ten-year bar from returning to the United States. Because Sabri remained in the United States unlawfully for over one year, he would have faced a ten-year reentry bar regardless of whether he received a grant of voluntary departure. Accordingly, he was not prejudiced by Zaidi's failings.

We note that there may also be an issue as to whether Sabri "exercised due diligence in pursuing the case during the period [he] seeks to toll," *Iavorski v. INS*, 232 F.3d 124, 125 (2d Cir.2000), but because we conclude that Sabri has failed to establish prejudice due to his counsel's ineffectiveness, we need not reach this question.

For the foregoing reasons, the petition for review is DENIED.