**Fatimabai Kassamali ABDULALI TARWADI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General,[1] Respondents.**

**Nos. 06–5519–ag (L), 07–2976–ag (con).**

United States Court of Appeals, Second Circuit.

Jan. 8, 2009.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Jesse Lloyd, Esq., Neil Weinrib & Associates, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; James A. Hunolt, Senior Litigation Counsel; Nicole N. Murley, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioners Fatimabai Kassamali Abdulali Tarwadi and her son Huzeifa Firoze

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Hakada, both natives and citizens of Kenya, seek review of a November 9, 2006 order of the BIA affirming the April 5, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr, denying their applications for asylum, withholding of removal, and CAT relief, *In re Fatimabai Kassamali Abdulali Tarwadi, Huzeifa Firoze Hakada*, Nos. A96 418 258, A96 418 259 (B.I.A. Nov. 9, 2006), *aff'g* Nos. A96 418 258, A96 418 259 (Immig. Ct. N.Y. City Apr. 5, 2005), and a June 14, 2007 order of the BIA denying their motion to reopen, *In re Fatimabai Kassamali Abdulali Tarwadi, Huzeifa Firoze Hakada*, Nos. A96 418 258, A96 418 259 (B.I.A. June 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, Tarwadi has abandoned her CAT claim by failing to raise it to the BIA, either on direct appeal or in her motion to reopen, or to this Court in either of the briefs that she submitted in support of her petitions. We therefore deem Tarwadi's CAT claim waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Moreover, we deny Tarwadi's petition for review from the BIA's final removal order on issue exhaustion grounds because her claim of ineffective assistance of counsel had not yet been presented to the BIA in the first instance at the time the petition was filed. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107, 124 (2d Cir.2007); *Arango–Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994).

■ Moreover, Tarwadi failed to establish that she suffered actual prejudice as a result of her attorney's failure to file an appellate brief with the BIA. To show actual prejudice, an applicant must establish her *prima facie* eligibility for the relief sought and demonstrate "that [she] could have made a strong showing in support of

her application" if not for her counsel's ineffective assistance. *See Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir.1994). Thus, to prevail on her ineffective assistance claim, Tarwadi was required to demonstrate that the BIA would have reached a different outcome in adjudicating her appeal had her prior counsel filed an appellate brief. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993).

Tarwadi argues that, if given the opportunity to submit an appellate brief, she would be able to establish extraordinary circumstances excusing the untimeliness of her asylum application. 8 C.F.R. § 1208.4(a)(5). However, the BIA expressly addressed Tarwadi's argument that her efforts to apply for asylum in Canada constituted "extraordinary circumstances" when adjudicating her motion to reopen and found it an insufficient basis for excusing her failure to file her asylum application within a year of her arrival in the United States. Tarwadi does not attempt to demonstrate, or even allege, that this finding is inconsistent with BIA regulation or precedent. Moreover, Tarwadi cites no authority in her brief to this Court to support her contention that her intent to seek asylum in Canada amounted to "extraordinary circumstances."

In addition, Tarwadi has proposed no valid basis for challenging the IJ's finding that she was ineligible for withholding of removal because she failed to establish the requisite nexus to a protected ground. In her brief to this Court, Tarwadi argues that the BIA ignored "ample evidence in the record" supporting her claim that she was targeted for mistreatment in Kenya because she was Asian. However, Tarwadi does not specifically identify this evidence, much less establish the existence of a nexus between the existence of "widespread prejudice against Asians" and the robberies she experienced in the course of

transporting money to and from the bank on behalf of her employer.

Because Tarwadi offered no grounds upon which the BIA could find, contrary to the IJ, that she established either extraordinary circumstances or a nexus to a protected ground, she failed to establish her *prima facie* eligibility for relief. *See Rabiu*, 41 F.3d at 882–83. As a result, she failed to establish that the BIA would have reached a different decision had her prior counsel submitted an appellate brief on her behalf. *See Esposito*, 987 F.2d at 111. Thus, the BIA did not abuse its discretion in finding that Tarwadi failed to demonstrate the actual prejudice necessary to prevail on her claim of ineffective assistance of counsel. *See Rabiu*, 41 F.3d at 882–83. Accordingly, Tarwadi's petition for review from the denial of her motion to reopen is denied.

■ Finally, we note that Tarwadi has submitted to this Court evidence of changed country conditions in Kenya that post-date the BIA's denial of her motion to reopen. However, we may not consider this evidence because it is outside the administrative record that was before the BIA. *See* 8 U.S.C. § 1252(b)(4). In addition, we will not remand a case to the BIA for the specific purpose of considering additional documentary evidence if that evidence was not in the record before the BIA and agency regulations set forth procedures to reopen a case before the BIA for consideration of the evidence. *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir.2007). To the extent that Tarwadi is arguing that she warrants relief based on changed circumstances in Kenya, that argument is more appropriately raised in a separate motion to reopen filed directly with the BIA rather than in a petition for review in this Court. *See id.*; 8 C.F.R. § 1003.2(c).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).