SUMMARY ORDER

Petitioner, Abu Hamid, an alleged native and citizen of Bangladesh, seeks review of a March 4, 2008 order of the BIA affirm *514 ing the January 31, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson denying Hamid’s application for asylum, withholding of removal and relief under the Convention Against Torture (“CAT”). In re Hamid, No. A 95 292 005 (B.I.A. March 4, 2008), aff'g No. A 95 292 005 (Immig. Ct. N.Y. City Jan. 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Hamid asserts that the BIA violated his due process rights by dismissing his appeal without considering his late-filed brief given the ineffective assistance of his prior counsel in failing to submit a timely brief on his behalf. However, his due process claim fails because he does not argue or demonstrate that he was prejudiced by his counsel’s performance. See Rabin v. INS, 41 F.3d 879, 882 (2d Cir.1994). Contrary to Hamid’s assertion, the notice of appeal filed by his prior attorney addressed the primary basis of the IJ’s adverse credibility determination, asserting that the IJ erred in relying on the inconsistencies with Hamid’s original asylum application because they were unrelated to his current claim, and Hamid reasonably explained why he misrepresented himself and apologized for doing so. Moreover, despite the alleged inadequacy of the notice of appeal in challenging the adverse credibility determination, the BIA addressed the IJ’s adverse credibility determination and found that it was not clearly erroneous because it was based on inconsistencies regarding Hamid’s identity, country of origin, and the crux of his claim, as well as the lack of evidence corroborating his claim. Hamid fails to assert how the arguments in the late-filed brief would have impacted the BIA’s conclusion, see Li Hua Lin v. U.S. Dep’t. of Justice, 453 F.3d 99, 104-05 (2d Cir.2006), and therefore fails to demonstrate that he was prejudiced by his counsel’s performance.
Because Hamid’s only argument before this Court is that the BIA violated his due process rights by declining to consider his late-filed brief, he has waived any other challenge to the BIA’s finding that he failed to establish eligibility for the relief he sought where the IJ’s adverse credibility determination was not clearly erroneous. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).