SUMMARY ORDER

Petitioner Zhi Qing Lin, a native and citizen of the People’s Republic of China, seeks review of the March 31, 2008 order of the BIA denying his motion to reopen. In re Zhi Qing Lin, No. A78 299 147 (B.I.A. Mar. 31, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
We conclude that the BIA did not abuse its discretion in denying Lin’s motion to reopen where he failed to demonstrate that he was prejudiced by his former counsels’ purportedly ineffective assistance.* See Rabiu v. INS, 41 F.3d 879, 882-83 (2d Cir.1994) (recognizing that in order to prevail on a claim of ineffective assistance of counsel, a movant must show that he was prejudiced by his counsel’s performance). Indeed, Lin was not prejudiced by his first attorney’s failure to challenge the IJ’s frivolousness finding on appeal, where the BIA reviewed the IJ’s finding on direct appeal and later vacated said finding on remand. Moreover, Lin failed to demonstrate that he was prejudiced by his first attorney’s purportedly inadequate challenge to the IJ’s adverse credibility finding where, despite any inadequacies in his brief, the BIA reviewed the IJ’s credibility determination and where Lin subsequently challenged the agency’s adverse credibility determination in a petition for review filed with this Court.
*312 As to the purportedly ineffective assistance of Lin’s second counsel, Lin incorrectly asserts that his former counsel waived any challenge to the IJ’s adverse credibility determination in his first petition for review and on remand to the BIA. Additionally, although Lin could have challenged the IJ’s underlying adverse credibility determination by petitioning this Court for review of the BIA’s September 2007 decision, he did not do so. Lin does not assert that this failure was due to ineffective assistance of counsel.
As Lin failed to demonstrate that he was prejudiced by the allegedly ineffective assistance of his former attorneys, we find that the BIA did not abuse its discretion in denying his motion to reopen.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

 We decline to address the government's argument that "there is no Fifth Amendment due process right to the effective assistance of counsel in immigration proceedings” because, as the government correctly argues, Lin failed to demonstrate that he was prejudiced by his former counsels' assistance. Moreover, the United States Attorney General is currently reviewing the issue of whether there is a constitutional right to effective assistance of counsel before an IJ or the BIA. See Matter of J-E-C-M-, Order No. 2990-2008 (Att’y Gen. Aug. 7, 2008); Matter of Bangaly, Order No. 2991-2008 (Att'y Gen. Aug. 7, 2008); Matter of Compean, Order No. 2992-2008 (Att’y Gen. Aug. 7, 2008).