08-2746-ag
Hodzic v. Holder

BIA
A095 377 065
A095 377 066
A095 377 067

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of April, two thousand ten.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
            *Circuit Judges.*

_____

MUSA HODZIC, SAFETA HODZIC, AZRA HODZIC,
     *Petitioners,*

      v.                  08-2746-ag
                                   NAC

ERIC H. HOLDER, JR.,* UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONERS:     *Pro Se.*

---

   * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, natives and citizens of Montenegro, seek review of a May 16, 2008, order of the BIA denying their motion to reopen. *In re Hodzic,* Nos. A095 377 065/066/067 (B.I.A. May 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review for substantial evidence the BIA's evaluation of country conditions evidence submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

A party may file only one motion to reopen removal proceedings, and must do so no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1),(2). It is beyond dispute that Petitioners' motion to reopen was untimely. However, the time and number limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The time limit may also be equitably tolled if there is a claim for ineffective assistance of counsel, and the petitioner demonstrates both that counsel's performance prejudiced the outcome of the proceeding, and that he exercised due diligence in pursuing the case. *Iavorski v. INS,* 232 F.3d 124, 135 (2d Cir. 2000).

The BIA did not abuse its discretion in finding that Petitioners were not entitled to equitable tolling of the filing period due to ineffective assistance of counsel. *See Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994) (holding

3

that, in order to be entitled to equitable tolling, a petitioner must demonstrate that counsel's performance was so poor as to impinge on the fundamental fairness of the proceedings).  As the BIA found, Petitioners could not establish prejudice because they did not seek new representation until after their orders of removal were administratively final and the deadline for filing both a motion to reopen and a petition for review had passed.  *See id.*

The BIA also did not abuse its discretion in finding that Petitioners failed to demonstrate changed conditions in Montenegro.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that the Board is not required to "expressly parse or refute . . . each individual . . . piece of evidence offered by the petitioner").  The BIA reasonably found that the evidence Petitioners submitted showed a continuation of the same conditions that had prevailed during their merits hearing, and arguably showed an improvement.  Thus, the BIA's decision is supported by substantial evidence.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Jian Hui Shao*, 546 F.3d at 169.

Finally, we lack jurisdiction to review Petitioners' argument that the BIA erred in refusing to reopen their proceeding *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *see also Kucana v. Holder,* 130 S. Ct. 827, 839 n.18 (2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk