Lin v. Holder

BIA
A 072 765 479

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand ten.

PRESENT:

> REENA RAGGI,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges*.

---

XING LIN,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR.,* UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

07-5212-ag
NAC

---

FOR PETITIONER:     Michael Brown, New York, New York.

FOR RESPONDENT:     Gregory G. Katsas, Assistant Attorney General, Civil Division;

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Susan K. Houser, Senior Litigation Counsel; John J.W. Inkeles, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Xing Lin, a native and citizen of the People's Republic of China, seeks review of an October 31, 2007 order of the BIA denying as untimely his motion to reopen asylum proceedings resolved against him in 1995. *In re Xing Lin,* No. A 072 765 479 (B.I.A. Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of Lin's motion to reopen for abuse of discretion, *see Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), and we detect none on this record. There is no dispute that Lin's application was untimely filed. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Further, the BIA reasonably determined that Lin failed to present evidence of changed country conditions sufficient to qualify for an exception to the 90-day filing deadline. *See*

2

8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008) (upholding denial of motion to reopen based on similar evidence); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006) (endorsing BIA conclusion that birth of children in U.S. is change in personal circumstances, not change in country conditions).

To the extent Lin argues that the alleged ineffective assistance of his former attorney warranted reopening the proceedings, the claim is without merit. Ineffective assistance of counsel is not a sufficient basis, on its own, to excuse a late filing, *see Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006), and Lin does not argue that he was entitled to equitable tolling of the filing deadline, *see Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").[1] In any event, because Lin failed to raise the issue of equitable tolling before the BIA, any such argument remains unexhausted. *See*

---

[1] As Lin admits lying about his eligibility for asylum – purportedly because counsel told him his request for relief would otherwise be denied – he can hardly demonstrate prejudice from the alleged ineffectiveness. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994).

3

*Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121-22, 124 (2d Cir. 2007) (holding that issue exhaustion is mandatory, though not jurisdictional, requirement).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4