Lateef RABIU, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 1499, Docket 93–4180.

United States Court of Appeals, Second Circuit.

Argued April 20, 1994.

Decided Dec. 7, 1994.

880

Martha Lees, New York City (Deborah M. Buell, Shari Siegel, Cleary, Gottlieb, Steen & Hamilton, of counsel), for petitioner.

F. James Loprest, Jr., Sp. Asst. U.S. Atty. for the S.D. of N.Y., New York City (Mary Jo White, U.S. Atty., Ping C. Moy, Asst. U.S. Atty., Janet Reno, U.S. Atty. Gen., Washington, DC, of counsel), for respondent.

Before: OAKES, KEARSE and MAHONEY, Circuit Judges.

OAKES, Senior Circuit Judge:

Lateef Ayinla Babatunde Rabiu ("Rabiu") petitions this court for review of Board of Immigration Appeals ("BIA") decisions (1) dismissing Rabiu's appeal from a June 16, 1993 order of deportation issued by R. Kevin McHugh, *Immigration Judge* (the "Deportation Order"), and (2) denying his motion to reopen or reconsider his case (the "Reconsideration Motion").

At his deportation hearing, Rabiu, who was represented by counsel, notified the Immigration Judge ("IJ") of his desire to file an application for a waiver of deportation pursuant to section 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c) (1988 & Supp. IV 1992) ("section 212(c)"). The IJ set a deadline for the application, but Rabiu's attorney failed to file the application. We find that the attorney's omission constituted ineffective assistance of counsel that deprived Rabiu of due process of law. We reverse the order of the BIA dismissing Rabiu's appeal and remand to the IJ to allow Rabiu to file a waiver application under section 212(c).

## I. Background and Prior Proceedings

On October 3, 1978, at the age of nine, Rabiu, a native and citizen of Nigeria, entered the United States with his parents and six siblings. Rabiu's father, Badru, had been a long-time employee of the United States Embassy offices in Lagos, Nigeria. Badru's status as an employee of the United States Embassy permitted Rabiu to enter the United States as a lawful, permanent resident. Since 1978, Rabiu has remained in the United States where he received his elementary and high school education. Presently, all of his immediate relatives, some of whom are United States citizens, live in New York.

On May 4, 1990, Rabiu pleaded guilty to conspiracy to manufacture and distribute cocaine base and marijuana, 21 U.S.C. § 846 (1988). The United States District Court for the Eastern District of Pennsylvania, Robert S. Gawthrop, III, *Judge*, sentenced him to five years' imprisonment at the Federal Correctional Institution of Danbury, Connecticut, and to five years of supervised release. *United States v. Rabiu*, 88–00519–18 (E.D.Pa. May 4, 1990). Rabiu is still serving this sentence.

On February 22, 1993, as a result of Rabiu's 1990 conviction, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against Rabiu pursuant to 8 U.S.C. § 1251(a)(2)(A)(iii) (Supp. IV 1992) (authorizing deportation of alien convicted of aggravated felony). *See* Order to Show Cause and Notice of Hearing, *In re Rabiu*, 35–209–492 (Oakdale, La. Feb. 22, 1993). On April 21, 1993, the INS added a charge that Rabiu was also deportable under 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. IV 1992) (authorizing deportation of alien convicted under any law related to a controlled substance). *See* Additional Charges of Deportability, A35–209–492 (April 21, 1993). The INS scheduled an initial hearing before the IJ for April 13, 1993 at the Federal Correctional Institution in Oakdale, Louisiana, where Rabiu was incarcerated at the time. That hearing was adjourned to April 21, 1993 and then to May 3, 1993 to allow Rabiu to obtain counsel.

On May 3, 1993, the IJ held a hearing at which Montgomery Carlin, Esq. represented Rabiu by telephone. The hearing was recorded, but the audio tape of the proceedings was inadvertently lost. In an attempt to reconstruct the facts, the IJ prepared a Memorandum to the BIA. According to the IJ's Memorandum, the following occurred at the hearing: Rabiu admitted that he was an immigrant from Nigeria, but contested his deportability on account of his 1990 conviction; the INS submitted the judgment and conviction to prove his deportability; Rabiu's counsel did not object. IJ Memorandum to BIA, *In re Rabiu*, A35–209–492 (Oakdale, La. July 9, 1993). The IJ determined that there was "clear, convincing and unequivocable" [sic] evidence of deportability. *Id.* Specifically, the IJ found that the INS's documentary evidence supported its allegations that Rabiu was convicted of an aggravated felony and of laws relating to a controlled substance, thereby rendering him deportable within the meaning of 8 U.S.C. § 1251(a)(2)(A)(iii) and (B)(i), respectively.

Rabiu requested a waiver of deportation (also called a waiver of inadmissibility) under section 212(c), and the IJ granted Rabiu until June 4, 1993 to file the application. *See* IJ Memorandum to BIA. Carlin, Rabiu's attorney, failed to file the relief papers and did not inform Rabiu that he did not intend to file the relief papers. On June 16, 1993, the IJ noted for the record that Rabiu had not filed an application for a waiver of deportation and he ordered Rabiu deported to Nigeria on the grounds that Rabiu had abandoned his request for relief. *See* IJ Memorandum to BIA & *see* Deportation Order.

On June 24, 1993, Rabiu filed with the Office of the IJ a *pro se* motion to reopen or reconsider the order of deportation, pursuant to 8 C.F.R. § 242.22 (1994), together with a supporting affidavit. On the same day, Rabiu filed a Notice of Appeal with the BIA. Consequently, Rabiu's motion to reopen or reconsider was transferred from the IJ to the BIA.

On July 27, 1993, the BIA dismissed Rabiu's appeal. Specifically, the BIA found that (1) the IJ properly ordered Rabiu deported to Nigeria because he missed the filing deadline for relief and (2) Rabiu had not demonstrated excusable neglect for his failure to timely file his application for relief under section 212(c), and, therefore, the IJ "properly found that all applications for relief were abandoned." BIA Decision, *In re Rabiu*, A35–209–492 at 3 (Falls Church, Va. July 27, 1993). On September 21, 1993, the BIA denied Rabiu's motion to reopen his deportation proceedings on the grounds that Rabiu had neither demonstrated his prima facie eligibility for section 212(c), nor shown "excusable neglect" for his failure to file a timely 212(c) waiver. BIA Decision, *In re Rabiu*, A35–209–492 at 2 (Falls Church, Va. September 21, 1993).

On August 23, 1993, Rabiu filed a *pro se* petition in this court for review of the BIA's order, a motion for stay of deportation, and a motion for bond pending disposition of his petition. On October 27, 1993, this court entered an order which (1) granted the motion for a stay; (2) granted leave for Rabiu to proceed *in forma pauperis;* and (3) denied the motion for bond. This court also *sua sponte* ordered that counsel be appointed to brief the issues presented by the petition for review. On December 13, 1993, an order appointing counsel and setting a briefing schedule was entered.

This court has jurisdiction to review final orders of deportation and related motions to reopen and reconsider such orders. 8 U.S.C. § 1105a(a) (1988 & Supp. IV 1992).

## II. Discussion

### A. Ineffective Assistance of Counsel

Rabiu argues that his counsel's failure to file an application on his behalf under section 212(c) constitutes ineffective assistance of counsel. It is undisputed that Rabiu expressed his desire to file a section 212(c) application at his deportation hearing, that the IJ set a deadline for the application, and that Rabiu's counsel failed to file for relief on Rabiu's behalf.

#### 1. Exhaustion

■ The government argues that Rabiu did not properly raise his claim of ineffective assistance of counsel with the BIA and, ac-

cordingly, failed to exhaust his administrative remedies, as required by 8 U.S.C. § 1105a(c) (1988), and that his claim should not be considered here. Its claim is based on the fact that Rabiu first raised the issue of ineffective assistance of counsel in a brief he filed in support of his appeal on August 1, 1993, three days *after* the BIA decided his appeal. It was filed, however, before the BIA decided his motion to reopen on September 21, 1993. We must consider whether, under these circumstances, we can decide the issue on appeal.

In *Arango–Aradondo v. INS*, 13 F.3d 610 (2d Cir.1994), this court addressed the issue of whether an ineffective assistance claim based on a failure to present evidence must be raised first with the BIA in a motion to reopen the deportation proceedings before it can be considered by a court of appeals. *Id.* at 614. We held that the failure to move to reopen does not deprive this court of jurisdiction because the BIA does not have jurisdiction to decide constitutional issues, but for prudential reasons the ineffectiveness claim should be heard in the first instance by the BIA. We held that this practice " 'will avoid any premature interference with the agency's processes and, in addition to affording the parties and the courts the benefit of the agency's expertise, it will compile a record which is adequate for judicial review.' " *Id.* (quoting *Castaneda–Suarez v. INS*, 993 F.2d 142, 145 (7th Cir.1993)).

In the instant case, Rabiu's ineffective assistance claim is based on his counsel's failure to file a post-hearing motion on his behalf. Although Rabiu raised this claim for the first time in the brief which was filed too late to be considered by the BIA on appeal, his memorandum was nonetheless part of the administrative record before the Board when it subsequently considered his motion to reopen. As demonstrated in both its opinions, the BIA was aware of Rabiu's contention that his lawyer knew of the deadline for Rabiu's section 212(c) waiver and yet failed to file the waiver on Rabiu's behalf. The Board held that the miscommunication between Rabiu and his lawyer was not "excusable neglect" which would warrant a remand to the IJ to allow Rabiu to file a waiver himself.

Hence, the facts that form the basis for the issue before us were considered by the BIA in the appeal and in the motion to reopen. In light of the fact that the BIA does not have jurisdiction to adjudicate the issue of ineffective assistance of counsel, *see id.*, we find that the prudential concerns raised in *Arango–Aradondo* are not present. We would not be prematurely interfering with the agency's processes, the agency has considered the facts before us and provided its expertise, and the record on appeal is adequate. Under these circumstances, we will consider Rabiu's claim of ineffective assistance of counsel.

## 2. The Merits

Deportation hearings are civil, not criminal, proceedings. *Saleh v. United States Dep't of Justice*, 962 F.2d 234, 241 (2d Cir.1992). Therefore, in order for Rabiu to prevail on a claim of ineffective assistance of counsel, he "must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Id.* (internal quotes and citations omitted). In order to show a deprivation of fundamental fairness, Rabiu must allege facts sufficient to show 1) "that competent counsel would have acted otherwise," and 2) "that he was prejudiced by his counsel's performance." *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993) (internal quotes omitted).

A reviewing court uses its own judgment to determine whether an attorney's conduct was ineffective. *Id.* In our view, a competent attorney would have filed a motion pursuant to section 212(c) after his or her client requested permission to do so at the deportation hearing. *Cf. id.* at 110–11 (a competent attorney would have filed an appeal after being asked to do so by his client).

In order for Rabiu to show that his attorney's failure to file caused him actual prejudice, he must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application. *Mi-*

*randa–Lores v. INS,* 17 F.3d 84, 85 (5th Cir.1994).

Section 212(c) reads, in relevant part:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c). The statute on its face applies only to permanent resident aliens who have resided in the United States for at least seven years and who have temporarily left the country. We have held, however, that fundamental fairness requires that the statute be applied as well to such aliens who have not left the country and are facing deportation. *Francis v. INS,* 532 F.2d 268, 273 (2d Cir.1976).

A determination of whether relief from deportation will be granted pursuant to section 212(c) requires the balancing of:

"the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of [the requested relief] appears in the best interest of this country."

*Douglas v. INS,* 28 F.3d 241, 243–44 (2d Cir.1994) (quoting *Matter of Marin,* 16 I. & N. Dec. 581, 584 (BIA 1978)). Strong family ties to the United States, residence of long duration in the United States, especially from a young age, and any genuine rehabilitation are factors which would be weighed against Rabiu's conviction in a determination under section 212(c). *See generally id.* 28 F.3d at 244.

Discretionary relief from deportation is not available to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years. *See* 8 U.S.C. § 1182(c) (as amended in 1990); *Buitrago–Cuesta v. INS,* 7 F.3d 291, 292 (2d Cir.1993). Conspiracy to manufacture and distribute cocaine base and marijuana is an aggravated felony under 8 U.S.C. 1101(a)(43) (Supp. IV 1992).

Rabiu made a prima facie showing that he was eligible for relief under section 212(c) in his brief to the BIA.[1] He alleged that he arrived in the United States when he was nine years old and that he has resided continuously in the United States for the past fifteen years as a lawful permanent resident, well over the statutory minimum of seven years. He alleged that his father, sisters and cousins all reside in the United States, giving him substantial family ties to the United States. He also alleged that he has a long history of employment, and that he has made efforts to rehabilitate himself while in prison by obtaining an associate degree certificate.

Although Rabiu was convicted of an aggravated felony and sentenced to five years' imprisonment, to date he has served less than the five-year sentence. He asserts in his brief that he has earned all possible good-time credits while in prison. If this is true, he will ultimately serve less than five years in prison, and thus will not become ineligible for relief under section 212(c).

We conclude that Rabiu has made a prima facie showing that he would have been eligible for relief had his section 212(c) application been filed, *cf. Miranda–Lores,* 17 F.3d at 85, and that he was a strong candidate for that relief. Thus, he was prejudiced by his attorney's failure to file. The ineffective assistance of his attorney impinged upon the fundamental fairness of the proceeding, thereby depriving him of his right to due process of law.

### B. The Lost Transcripts

Rabiu also argues that the IJ's failure to transmit, and the BIA's failure to consider, a complete record on appeal violates INS regulations and constitutes reversible error. Without the transcripts, Rabiu contends, he

---

1. We will consider facts set forth in this brief as it was filed under oath and was part of the administrative record at the time the BIA decided Rabiu's motion to reopen.

884

was not able to prove that the judge had failed to instruct him on how to file an application for relief under section 212(c) or that he had not waived his right to file such an application.

There is no dispute that Rabiu was represented at his initial deportation hearing by counsel. There is also no dispute that at the same hearing Rabiu expressed his desire to file an application under section 212(c) for a waiver of inadmissibility, and that his lawyer never filed such an application. Because we find from the undisputed facts that the behavior of Rabiu's lawyer resulted in a denial of due process of law, we do not have to reach the issue of whether, under other circumstances, the loss of the transcript would constitute reversible error.

### III. Conclusion

We reverse the order of the BIA denying Rabiu's appeal and remand to the IJ to allow Rabiu to file an application for a waiver of inadmissibility pursuant to section 212(c). Rabiu's petition to review the denial of his motion to reopen is denied as moot.