**Han–Guan LI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 02–4600(LEAD), 03–40129(CON) NAC.

United States Court of Appeals, Second Circuit.

Nov. 16, 2005.

Theodore N. Cox, New York, NY., for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, Rudolph Contreras, Assistant United States Attorney, District of Delaware, Wilmington, DE., for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

Petitioner Han–Guan Li ("Li"), through counsel, petitions for review of the BIA decision affirming, without opinion, the Immigration Judge's ("IJ") denial of asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

■ Although Li filed a timely petition for review from the BIA's September 20, 2002, order affirming the IJ's denial of asylum, Li's only argument in his brief is that the BIA erred in denying his subsequent motion to reopen. Because he has not included any argument regarding the IJ's denial of asylum, this claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541–42 n. 1 (2d Cir.2005).

■ Furthermore, the BIA did not abuse its discretion in denying Li's motion to reopen. Li argues that prior counsel was ineffective for failing to include, in his asylum application, a statement regarding his wife's sterilization and the fine that allegedly was imposed for violation of China's birth control policy. Li's prior counsel, however, attempted to present documentary evidence of sterilization during the first asylum hearing but was prevented from doing so by Li's own statement that his wife had not been sterilized. Thus, even if prior counsel had included the statement in the application, the IJ's credibility determination would remain unchanged based on the inconsistent testimony. Li's argument that prior counsel was ineffective for failing to request affidavits from his family also must fail because the one affidavit submitted demonstrates further inconsistencies in his story, in that his father stated that Li was arrested, Li was brought to village headquarters, and Li's father was with him and aided Li in forci-

bly escaping from custody. Because the information regarding sterilization, the fine, and the affidavit neither corroborate Li's previous testimony nor enhance his credibility, he has not shown that he was prejudiced by counsel's performance, even assuming that performance to have been deficient. *See Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir.1994).