Gurbaksh SINGH, Petitioner,

v.

The **BOARD OF IMMIGRATION APPEALS**, Respondent.

No. 04–1821–ag.

United States Court of Appeals, Second Circuit.

Dec. 7, 2007.

Gurbaksh Singh, pro se, Bear Creek Township, PA, for petitioner.

Allen F. Loucks, Assistant United States Attorney, for Rod J. Rosenstein, United

States Attorney for the District of Maryland, Baltimore, MD, for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Petitioner Gurbaksh Singh, a native and citizen of India, seeks review of a March 18, 2004 order of the BIA affirming the September 18, 2002 decision of Immigration Judge ("IJ") Alan A. Vomacka, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurbaksh Singh*, No. A79 142 060 (B.I.A. Mar. 18, 2004), *aff'g* No. A79 142 060 (Immig. Ct. N.Y. City Sept. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case. Before us, petitioner asserts (1) that he is entitled to adjustment of status based on his marriage to a U.S. citizen; (2) that the BIA was wrong to hold that he was subject to the one-year bar for asylum applications; and (3) that the agency erred when, relying on petitioner's failure to submit corroborating documentary evidence on time, it denied his claim for withholding.[1] We consider each of these contentions in turn.

■ To the extent that the petition for review claims adjustment of status, we dismiss it for lack of jurisdiction. At the time of his hearing before the IJ, Singh had not filed an application for adjustment of status. Petitioner therefore failed to exhaust his administrative remedies with respect to this form of relief. *See* 8 U.S.C. § 1252(d)(1), (b)(4)(A); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (stating that every category of relief a petitioner raises in this Court must first be raised before the agency). The proper vehicle for Singh's application for adjustment of status is a motion to reopen filed with the BIA, rather than a petition to this Court. 8 C.F.R. § 1003.2.

■ We deal next with the agency's decision to pretermit Singh's asylum claim and conclude that this challenge, too, must be dismissed for lack of jurisdiction. Singh concedes that he failed to file his asylum application within one year of his entry into the United States, but he argues that there were extraordinary circumstances excusing this failure. The Immigration and Nationality Act provides that no court shall have jurisdiction to review the agency's determination that a petitioner has not shown extraordinary circumstances excusing an untimely application for asylum. 8 U.S.C. § 1158(a)(3). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Petitioner's ineffective assistance of counsel contention, were it properly before us, might raise a constitutional issue because it is rooted in his Fifth Amendment due process rights. *See Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir. 1994). But Singh did not raise this argument before the BIA in the first instance. Because petitioner failed to exhaust the only argument that, in the circumstances, might invoke this Court's jurisdiction, the petition for review is dismissed for lack of jurisdiction insofar as it challenges the pretermission of the asylum claim.[2] 8 U.S.C. § 1158(a)(2)(B).

---

1. Because Singh did not raise his CAT claim in his brief to this Court, we deem it abandoned. *See, e.g., Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

2. We note, in passing, that the argument appears to be without merit. The ineffective assistance of which Singh complains occurred in 2004, long after the one-year period had run out.

■ We do, however, have jurisdiction to consider Singh's withholding of removal claim, and we find that the agency erred in rejecting it. Singh testified that he had been subjected to treatment which, on its face, would appear to constitute religious and political persecution. The IJ made an adverse credibility determination, but the BIA expressly declined to rely on that finding. We must, therefore, assume Singh's credibility for the purposes of our decision. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005) ("[W]e may not rest our holding on the IJ's credibility findings, because the BIA did not affirm and adopt those findings.").

The BIA agreed with the IJ, however, that Singh had not submitted sufficient documentary evidence to corroborate his claims, and the BIA rested its denial of withholding solely on that basis. We have held that, while an applicant's own credible testimony may sometimes be sufficient to meet the applicant's burden, the agency may also require the submission of corroborating evidence, or an explanation for its absence, where one would reasonably expect such evidence to be submitted. *Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir. 2000). But before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Id.* at 290.

■ Here, the IJ reasoned, in the course of his decision, that the events to which Singh testified would have generated numerous documents which petitioner failed to submit to the Immigration Court prior to the hearing. But petitioner, who stated at the hearing that he would be able to provide such evidence, was afforded no meaningful opportunity to remedy its absence from the record. We have stressed the need for the agency, before denying a claim on the ground of insufficient corroboration, to give "adequate and meaningful notice to the applicant of evidence that the IJ believed was significant and missing." *Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006). Crucially, this requirement guarantees applicants in Singh's position "an opportunity to remedy the supposed evidentiary gap." *Id.* That opportunity was denied to petitioner in this case. In these circumstances, and particularly where the BIA has refused to find that petitioner's testimony was not credible, we find the agency erred in resting its denial of relief on the lack of corroborating evidence. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 527 n. 9 (2d Cir. 2007).

In fact, at the hearing, Singh did produce medical reports in support of his claim that he was beaten, though the IJ rejected them as untimely. The BIA stated that it "decline[d] to judge what type of weight these documents might have been accorded were they admissible." Given this state of affairs, we cannot predict with confidence that the agency would reach the same conclusion in the absence of its error, and, as a result, remand is not futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

On remand, the agency must identify the relevant and reasonably available corroborative evidence upon which it rests its determination and give petitioner the opportunity to submit that evidence. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). In the event that petitioner fails to produce

such documentation, the agency should then assess the applicant's explanations for this failure. *Diallo,* 232 F.3d at 289.

For the foregoing reasons, the petition for review is DISMISSED in part and GRANTED in part. The decision of the BIA is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this order. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).