*518 POLLAK, J.,
Dissenting.
As the court recognizes, Outram’s claim that Ansar Ahmad provided ineffective assistance of counsel while representing Out-ram on the 2004 illegal reentry charge hinges upon whether Ahmad would have been able to successfully collaterally attack the 1993 in absentia deportation order. According to Outram, the 1993 order was entered in absentia because his then-attorney, Montgomery Carlin, failed to fulfill some of the most basic duties of immigration counsel: providing timely notice to his client of an upcoming hearing at which the client’s presence was required, and actually showing up at that hearing. We do not know whether Carlin did, in fact, fail so egregiously in his representation of Out-ram, because Outram has, up to now, been denied the opportunity to prove his allegations through an evidentiary hearing.[1]
The court declines to remand this case for an evidentiary hearing on the ground that Outram cannot succeed in collaterally attacking the deportation order. Under 8 U.S.C. § 1326(d), an alien seeking to make such a collateral attack must show that (1) he “exhausted any administrative remedies that may have been available”; (2) “the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review”; and (3) “the entry of the order was fundamentally unfair.” According to the court, an alien cannot satisfy the second of these requirements by showing that he received ineffective assistance of counsel in the deportation proceeding. This narrow construction of the “deprivation of judicial review” requirement is not required by our precedent, and has been rightly rejected by one of our sister circuits.
The court’s opinion over-reads our decision in United States v. Charleswell, 456 F.3d 347 (3d Cir.2006). Charleswell involved a 1991 deportation hearing that the alien, unaccompanied by counsel, actually attended. In the hearing, the immigration judge (“IJ”) made a serious error of law— based upon his mistaken belief that the United States Virgin Islands were not a United States territory — in the course of issuing an order deporting Charleswell. Id. at 353 & n. 5. We found that Charles-well was not denied the opportunity for judicial review because he was present at the hearing and “was told he had the right to appeal.” Id. at 353. Our decision in Charleswell also addressed a reinstatement order issued in 2001. We found that the 2001 order effectively denied Charles-well the opportunity for judicial review because it did not notify him of his right to a direct appeal and also contained misleading language. Id. at 358.
Charleswell did not confront the issue presented in this case: whether an alien who is represented by counsel and who misses his deportation hearing as a result of his counsel’s failure to provide him with notice was deprived of an opportunity for judicial review. Nowhere in Charleswell did we hold that an alien can only be deprived of judicial review through an immigration judge’s failure to provide him with adequate, non-misleading information concerning his appeal rights. See id. at 355 (acknowledging that what constitutes the denial of judicial review “has not been definitively determined”). And in no other decision has our court addressed whether *519 an alien may show that he was denied an effective opportunity for judicial review through the ineffectiveness of his attorney. The court’s narrow reading of Section 1326(d)(2) is thus not required by our precedents.
Moreover, the court’s holding cannot be squared with a Second Circuit decision that appears directly on point. In United States v. Perez, the Second Circuit held that “[djeprivation of the opportunity for judicial review can be established by demonstrating ineffective assistance of counsel.” 330 F.3d 97, 101 (2d Cir.2003). The court concluded that Perez’s counsel provided deficient representation by failing to file a section 212(c) application after stating at the deportation hearing that he would do so. Id. at 102. The court suggests, without elaboration, that Perez is distinguishable on its facts because “Out-ram has not made a comparable allegation that Carlin represented to the IJ or the BIA that he would seek 212(c) relief, and then failed to do so.” Slip op. at 12. It is difficult to fathom why this factual distinction should make any difference: If Out-ram’s factual allegations are correct, Carlin’s failure to provide notice to Outram was the very reason why Outram did not make a timely appearance at the deportation hearing, at which he was going to seek relief under section 212(c). Moreover, Carlin’s apparent failure to appear at all at the hearing prevented Carlin from requesting an extension on Outram’s behalf. Because of these failings, Outram was never able to file a section 212(c) application. Thus, Carlin’s failure to provide notice and his failure to appear were every bit as damaging to Outram as Perez’s attorney’s failure to file a 212(c) application was to Perez.
I would adopt the Second Circuit’s holding in Perez, which recognizes that an alien can be denied an effective opportunity for judicial review through his attorney’s deficient performance, and I would remand this case for an evidentiary hearing to evaluate the truth of Outram’s assertions regarding Montgomery Carlin’s conduct. I therefore respectfully dissent.

. It is worth noting, however, that in the only court of appeals case that mentions Montgomery Carlin, he was found to have provided ineffective assistance of counsel in an immigration matter. See Rabiu v. INS, 41 F.3d 879, 883 (2d Cir.1994) (holding that Carlin provided ineffective assistance by failing to file a section 212(c) waiver application on behalf of an alien who was eligible for and likely to receive such a waiver).