11-2195-ag
Singh v. Holder

BIA
Abrams, IJ
A099 577 079

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

PRESENT:
>       ROBERT D. SACK,
>       REENA RAGGI,
>       PETER W. HALL,
>               Circuit Judges.

_____

DALIP SINGH,
>       *Petitioner,*

>       v.                                    11-2195-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Richard W. Chen, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dalip Singh, a native and citizen of India, seeks review of an April 29, 2011 decision of the BIA dismissing his appeal of the April 8, 2009 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dalip Singh*, No. A099 577 079 (B.I.A. April 29, 2011), *aff'g* No. A099 577 079 (Immig. Ct. N.Y. City April 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). As a preliminary matter, Singh has failed to sufficiently raise any challenge to the agency's denial of CAT relief. We therefore address only Singh's claims regarding asylum and withholding of removal.

**I.   Past Persecution and a Well-Founded Fear of Persecution**

Singh asserts that he suffered past persecution at the hands of two groups: (1) Sikh militants who threatened him when he declined to join their Afghanistan contingent as a military expert; and (2) the Indian police who sought to investigate his ties to the Sikh militants.  However, as the agency reasonably found, the harm to which Singh testified did not rise to the level of persecution because Singh did not suffer any physical harm as a result of the militants' unfulfilled threats and the police's repeated visits to his house.  *See Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006)

The agency also reasonably found that the harm Singh fears does not bear a nexus to a protected ground.  For applications such as Singh's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, a protected ground must be "one central reason" for the applicant's persecution.  *See Rodas Castro v. Holder*, 597 F.3d 93, 103 (2d Cir. 2010).  One reason Singh rejected the militants' recruitment, his refusal to betray his country, may constitute a political motive.  *Cf. INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (finding that a

3

refusal to join guerillas because a fear of combat or retaliation from the government was not a political motive). However, he failed to establish that the militants believed that he refused their offer for any reason other than his desire to remain with his family, retain his pension, or avoid combat, which are not recognized as political motivations. *See id.* at 482-83.

Singh also failed to establish that the police sought to harm him or his family because they were Sikh because, according to his testimony, the police sought to question him only after receiving reliable information that anti-government militants tried to recruit him. Although Singh's wife paid the police to discontinue their investigation, Singh testified that paying bribes to policemen in order to secure their protection was done as a matter of course. As a result, the agency did not err in its conclusion that Singh failed to demonstrate that the harm he fears would be on account of a protected ground, and that he consequently failed to demonstrate his eligibility for asylum and withholding of removal.

Singh challenges the BIA's finding that he could have sought aid from his former military colleagues to protect

4

him from improper police harassment and that the Indian government was thus not unwilling or unable to protect him. Although the agency's finding is questionable considering that the military cannot "control" the police, *see Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006), remand would be futile because Singh failed to establish the requisite nexus between the harm he fears and a protected ground. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir. 2007).

**II. Due Process**

Singh contends that the IJ's assumption that the Indian police's investigation was legitimate without citation to the record indicated a bias against him that improperly influenced his decision. To the contrary, the IJ made a reasonable inference in the exercise of his fact-finding powers based on Singh's testimony that the police, after receiving information that militants sought to recruit Singh, sought to investigate the potential national security threat. *See* 8 U.S.C. § 1229A(b)(1); 8 C.F.R. §§ 1003.10(b), 1003.42(d) (providing that the IJ makes a de novo determination based on evidence as to whether an alien established a credible fear); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

**III.     Ineffective Assistance of Counsel Claim**

Singh also argues that he established that his previous counsel, Amy Gell, failed to timely submit documents, resolve inconsistencies in his application prior to its submission, and provide additional evidence of country conditions and his religion and, thus, prejudiced his case. Although, as the BIA pointed out, Singh met the procedural requirements outlined in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), he failed to demonstrate that Gell's performance adversely impacted the IJ's decision because: (1) the IJ gave Singh additional opportunities to submit his missing documents; (2) the IJ assumed his credibility thereby making irrelevant the inconsistencies and omissions in his application; (3) the IJ assumed his Sikh identity; and (4) Singh did not provide evidence of country conditions reports that Gell could have provided that would have changed the outcome of his case. *See Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir. 1994).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for

6

oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second

Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk