11-2688
Sardar v. Holder

BIA
Vomacka, IJ
A088 425 415

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of October, two thousand twelve.

PRESENT:
JON O. NEWMAN,
JOSÉ A. CABRANES,
ROBERT D. SACK,
        *Circuit Judges*.
_____

REHAN SARDAR,
        *Petitioner*,

        v.                                      11-2688
                                                NAC
ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:          David A. Isaacson, New York, New
                         York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Greg D. Mack,
                         Senior Litigation Counsel; Wendy

Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is: (1) DISMISSED in part because the Court lacks jurisdiction to review the agency's determination that Petitioner failed to establish changed circumstances excusing the untimely filing of his asylum application; and (2) DENIED in part because the agency did not err in finding that Petitioner failed to demonstrate that he had filed his asylum application within a reasonable time after having discovered his prior counsel's ineffectiveness.

Rehan Sardar, a native and citizen of Pakistan, seeks review of a December 6, 2010, decision of the BIA affirming the June 29, 2009, decision of an Immigration Judge ("IJ"), which pretermitted his asylum application as untimely, granted his application for withholding of removal, denied his application for relief under the Convention Against Torture ("CAT"), and remanded to the IJ to complete security investigations, as well as a June 21, 2011, order of IJ Alan Vomacka, which reaffirmed the pretermission of his asylum

application as untimely and granted his application for withholding of removal. *In re Rehan Sardar*, No. A088 425 415 (B.I.A. Dec. 6, 2010), *aff'g* No. A088 425 415 (Immig. Ct. N.Y. City June 29, 2009); & *In re Rehan Sardar,* No. A088 425 415 (Immig. Ct. N.Y. City June 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Sardar does not dispute the agency's finding that his asylum application was untimely; he challenges only the agency's determination that he failed to establish changed or extraordinary circumstances excusing his untimely filing.

## I. Changed Circumstances

Pursuant to 8 U.S.C. § 1158(a)(3), we are without jurisdiction to review Sardar's challenge to the agency's determination that Sardar failed to establish changed circumstances excepting his application from the time limitation. *See* 8 U.S.C. § 1158(a)(2)(D). While we retain jurisdiction to review constitutional claims and "questions of law," *see* 8 U.S.C. § 1252(a)(2)(D), Sardar's arguments, though framed as questions of law, in effect, dispute only the correctness of the agency's purely factual determination

3

that Sardar failed to demonstrate the requisite *change in conditions* in Pakistan.  *See* 8 C.F.R. § 1208.4(a)(4)(A) (providing that changed circumstances include "[c]hanges in the applicant's country conditions"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (stating that the Court "remain[s] deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion").

## II.  Extraordinary Circumstances

Sardar also challenges the agency's determination that he failed to establish that the ineffective assistance of his prior counsel constituted extraordinary circumstances excusing the untimely filing of his asylum application. Because Sardar's ineffective assistance of counsel claim contains a constitutional dimension--in that it implicates his Fifth Amendment due process rights, *see Rabiu v. INS,* 41 F.3d 879, 882-83 (2d Cir. 1994)-- this Court retains jurisdiction to consider the claim, *see* 8 U.S.C. § 1252(a)(2)(D).  However, the agency did not err in finding that, even assuming that Sardar's prior counsel's performance had been constitutionally deficient so as to

4

constitute an extraordinary circumstance that prevented Sardar from timely filing his asylum application, Sardar nevertheless failed to demonstrate that the two-year delay in filing his application after learning of his counsel's ineffectiveness was reasonable, *See* 8 C.F.R. § 1208.4(a)(5) (indicating that extraordinary circumstances "may excuse the failure to file within the 1-year period as long as the alien filed the [asylum] application within a reasonable period given those circumstances").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk