15-2390(L),16-1817(Con)
McCarthy v. Sessions

BIA
Christensen, IJ
A089 637 634

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand eighteen.

PRESENT:
　　　　BARRINGTON D. PARKER,
　　　　RAYMOND J. LOHIER, JR.,
　　　　CHRISTOPHER F. DRONEY,
　　　　　　*Circuit Judges.*
_____

BRYAN MCCARTHY,
　　　　　　*Petitioner,*

　　v.

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
　　　　　　*Respondent.*
_____

15-2390(L),
16-1817(Con)

NAC

FOR PETITIONER: 　　　Millicent Y. Clarke, Freeport, NY.

FOR RESPONDENT: 　　　Benjamin C. Mizer, Principal Deputy Assistant Attorney General;

Holly M. Smith, Senior Litigation Counsel; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Bryan McCarthy, a native and citizen of Jamaica, seeks review of (1) a May 20, 2016, decision of the BIA denying his motion to reopen, *In re Bryan McCarthy*, No. A089 637 634 (B.I.A. May 20, 2016), and (2) a June 30, 2015, decision of the BIA affirming an August 11, 2014, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Bryan McCarthy,* No. A089 637 634 (B.I.A. June 30, 2015), *aff'g* No. A089 637 634 (Immig. Ct. N.Y.C. Aug. 11, 2014).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

**A. Docket 15-2390(L), Order of Removal**

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because McCarthy does not challenge the agency's removability finding or the agency's determination that he is statutorily barred from asylum and withholding of removal for having been convicted of an aggravated felony and particularly serious crime, the only issue before us in this petition is the agency's denial of deferral of removal under the CAT. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Deferral of removal under the CAT requires the applicant to show that he would more likely than not be tortured if removed. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). It further requires a showing that the torture will be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *Khouzam v. Ashcroft*,

3

361 F.3d 161, 170-71 (2d Cir. 2004). "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)). The agency did not err in concluding that McCarthy failed to demonstrate a likelihood of torture with government acquiescence.

Contrary to McCarthy's contention, the agency did not ignore testimony that gang members had robbed him and considered him a "snitch" for reporting the robbery because McCarthy did not testify to any such facts. And the agency reasonably concluded that McCarthy failed to demonstrate a likelihood of future torture. McCarthy testified that he had been beaten by gang members once in 2001, he had not returned to Jamaica since his departure later that year, he had not had any involvement with the business that he had run with his uncle and cousin for more than two years, and he had not

4

presented any basis to conclude that any gang members remained interested in him or his past business. Accordingly, despite the tragic murders of his uncle in 2008 and his cousin in 2012, the agency did not err in concluding that he failed to establish the chain of events necessary to satisfy his burden that he would more likely than not be tortured or killed in Jamaica. *See In re J-F-F-*, 23 I. & N. Dec. at 917-18, 918 n.4.

Alternatively, the agency did not err in concluding that McCarthy failed to demonstrate that the Jamaican government would acquiesce in his torture. At his hearing, McCarthy implied that the police acted uninterested when he reported being beaten and did not adequately investigate his uncle's murder, but he admitted that police had cracked down on the gang that he feared by arresting or killing gang leaders and members. Furthermore, McCarthy submitted evidence that the gang he feared had become relatively inactive and that the Jamaican government had arrested more than 500 members of another gang and coordinated with the United States to arrest the leader of that gang, which resulted in a 34% drop in the country's murder rate. Based on this evidence, the agency

5

did not err in determining that McCarthy failed to demonstrate that Jamaican authorities were more likely than not to acquiesce in his torture by gang members. *See Khouzam*, 361 F.3d at 170-71.

Accordingly, because McCarthy failed to demonstrate a likelihood of torture with government acquiescence, the agency did not err in denying him deferral of removal under the CAT. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a), 1208.18(a)(1); *Khouzam*, 361 F.3d at 168.

**B. Docket 16-1817(Con), Motion to Reopen**

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that McCarthy's motion to reopen was untimely filed because the agency's order of removal became final in June 2015 and McCarthy did not file his motion to reopen until February 2016, well beyond the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA may equitably toll the time for filing a motion to reopen based on a claim of ineffective assistance of counsel. *See Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000). In order to warrant equitable tolling, even assuming that a

movant demonstrated that his prior counsel's actions were ineffective, the movant must show that those actions caused actual prejudice, i.e., McCarthy had to "make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994).

The BIA did not err in concluding that McCarthy failed to demonstrate that he was prejudiced by his former counsel's assistance because he did not produce evidence that Jamaican officials would acquiesce in his torture as required to establish his prima facie eligibility for deferral of removal under the CAT. *See* 8 C.F.R. § 1208.18(a)(1); *Rabiu*, 41 F.3d at 882. The country conditions evidence that McCarthy presented with his motion to reopen demonstrated that the murder rate fluctuates from year to year depending on gang power struggles and truces (the rate increased by 20% in 2015), that gangs operate with some impunity, and that the government had increased its efforts to combat gang violence and government corruption with some success. Given the evidence of government successes in fighting the gangs, the BIA was not compelled to conclude that these conditions were

7

prima facie evidence of government acquiescence to gang violence. *See Jian Hui Shao*, 546 F.3d at 171 ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency.").

Because McCarthy failed to establish his prima facie eligibility for deferral of removal, he did not establish prejudice based on his counsel's representation. *See Rabiu*, 41 F.3d at 882-83. Accordingly, the BIA did not err in declining to toll the time for filing his motion to reopen and in denying that motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral

argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk