Hossain v. Barr

BIA
Segal, IJ
A200 944 682

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty.

PRESENT:
>    REENA RAGGI,
>    DEBRA ANN LIVINGSTON,
>    WILLIAM J. NARDINI,
>        *Circuit Judges.*

_____

ISMAIL HOSSAIN,
>        *Petitioner,*

>    v.                                          17-3416

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Joshua Bardavid, Bardavid Law, New York, NY; Jan Potemkin, Esq., New York, NY.

FOR RESPONDENT:            Christopher Bates, Senior Litigation Counsel (Joseph H. Hunt, Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration

Litigation, *on the brief*), United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED in part to the BIA for consideration consistent with this order.

Petitioner Ismail Hossain, a native and citizen of Bangladesh, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") decision denying Hossain's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), as well as his motion to remand. *In re Ismail Hossain,* No. A200 944 682 (B.I.A. Sept. 29, 2017), *aff'g* No. A200 944 682 (Immig. Ct. N.Y. City Aug. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Id.* at 156. A movant seeking remand for consideration of new evidence must present

2

"material, previously unavailable evidence."  *Id.; see* 8 C.F.R. § 1003.2(c)(1).

In his motion to remand, Hossain argued, *inter alia*, that his prior counsel's ineffective assistance was "a factor and issue" infecting "all matters regarding [his] case." A.R. 16. In order to prevail on a claim of ineffective assistance of counsel, a noncitizen must show "that competent counsel would have acted otherwise, . . . and that he was prejudiced by his counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks omitted).  Hossain's motion explained that the BIA had already reopened Hossain's proceedings once after finding counsel ineffective for failing to file an appellate brief and that counsel subsequently was disbarred in New York for fraudulent litigation.  Hossain then argued that his counsel was also careless in compiling his I-589 statement and reviewing it only in a brief and perfunctory manner that resulted in the omission of important details. Hossain claimed that this carelessness led to the IJ's mistaken perception that Hossain had provided inconsistent—and therefore incredible—statements in his I-589 and his individual hearing.

In reviewing Hossain's motion, the BIA did not address his ineffective assistance claim. While expressing no view as to the merits of this claim, we conclude that by failing to address it, the BIA abused its discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001) (finding an abuse of discretion where the BIA failed to "explain [its] decision adequately").

We do not find, however, that the BIA abused its discretion in declining to remand for the IJ to reassess Hossain's competence at his hearing in light of medical issues he experienced a year after that hearing. The record supports the BIA's determination that the hearing transcript does not suggest any competency problem during the underlying removal proceedings; nor do we discern any error in the BIA's conclusion that Hossain's appeal had not drawn into question whether he had "a rational and factual understanding of the nature and object of the proceedings . . . and ha[d] a reasonable opportunity to examine and present evidence." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (BIA 2011); *see Li Yong Cao*, 421 F.3d at 157. Accordingly, the BIA did not abuse its discretion in determining that remand was not required on this ground.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED in part to the BIA for consideration consistent with this order.   As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court