*Zhang v. Garland*

BIA
Conroy, IJ
A206 289 283

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

———————————————————————

HAIYAN ZHANG,

> *Petitioner,*

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

———————————————————————

No. 20-2228
NAC

**For Petitioner:**  Edward J. Cuccia, New York, NY.

**For Respondent:**  Brian Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Haiyan Zhang, a native and citizen of the People's Republic of China, seeks review of the BIA's decision denying her motion to remand based on ineffective assistance of counsel.[1]  *See In re Haiyan Zhang*, No. A206 289 283 (B.I.A. June 16, 2020), *aff'g* No. A206 289 283 (Immig. Ct. N.Y.C. Apr. 17, 2018).  We assume the parties' familiarity with the underlying facts and procedural history. We review the BIA's denial of a motion to remand for abuse of discretion.  *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005).

---

[1] The BIA also dismissed Zhang's appeal from the decision of an Immigration Judge ("IJ") denying her application for waiver of inadmissibility under 8 U.S.C. § 1182(h) and (i).   Because Zhang does not challenge that aspect of the BIA's decision in her instant petition for review, we consider only the BIA's denial of Zhang's motion to remand.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

2

The sole argument raised by Zhang in her petition is that the BIA abused its discretion in denying her motion to remand based on her prior counsel's ineffective assistance. To prevail on a claim of ineffective assistance of counsel, a movant must comply with the procedural requirements set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998), and show both that a "competent counsel would have acted" differently from her prior counsel and that the movant "was prejudiced by h[er] counsel's [deficient] performance." *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks omitted). To establish prejudice, a movant must "make a prima facie showing that [s]he would have been eligible for the relief" at issue. *Id*. Here, the government does not dispute that Zhang "did make some attempt to comply with" the procedural requirements set forth in *Lozada*. Gov't Br. at 23. But even if we assume that Zhang could show that her prior counsel's performance was objectively deficient, we cannot conclude that the BIA abused its discretion in denying Zhang's motion because she failed to demonstrate the requisite prejudice under *Rabiu*, 41 F.3d at 882.

Zhang sought to adjust her immigration status to become a legal permanent resident as the spouse of a United States citizen. *See* 8 U.S.C. § 1255(a). That provision requires her to be "admissible to the United States." *Drax v. Reno*, 338

3

F.3d 98, 113 (2d Cir. 2003) (quoting 8 U.S.C. § 1255(a)). Because Zhang was deemed inadmissible based both on her prior conviction for prostitution and on misrepresentations that she made about her marital status when she initially applied for a tourist visa to visit the United States, she can prevail on her claim only by showing that she was entitled to a waiver of inadmissibility under 8 U.S.C. § 1182(h) and (i). Those provisions, in turn, require that she demonstrate "to the satisfaction of the Attorney General" that the "denial of admission would result in extreme hardship to [her] United States citizen . . . spouse." *Id.* § 1182(h)(1)(B); *see also id.* § 1182(i)(1). The law is clear, however, that such hardship must be "exceptional" and "[e]xtreme" and go beyond "the emotional or even financial tribulations which generally follow the separation of a family." *United States v. Fernandez-Antonia*, 278 F.3d 150, 161 (2d Cir. 2002) (citing *INS v. Jong Ha Wang*, 450 U.S. 139, 145 (1981)); *see also Chiaramonte v. INS*, 626 F.2d 1093, 1101 (2d Cir. 1980).

The BIA did not abuse its discretion in concluding that Zhang failed to make such a showing, since nothing in the record suggested that Zhang's husband would suffer extreme hardship upon her removal. As she contended before the BIA, Zhang argues again in her petition for our review that her prior counsel should have produced her husband as a testifying witness during the merits

4

hearing, instead of relying solely on his written statement, and that he should have submitted the curriculum vitae of her husband's social worker to qualify her as an expert.[2] But the BIA concluded that even if these "strategic decisions" could constitute evidence of the prior counsel's deficient performance, Certified Admin. Record at 4, Zhang still failed to show "that [s]he would have been eligible" for a waiver of inadmissibility, *Rabiu*, 41 F.3d at 882. Because Zhang demonstrated "nothing more than the emotional or . . . financial tribulations which generally follow the separation of a family," we cannot say that the BIA abused its discretion by reaching its conclusion. *Chiaramonte*, 626 F.2d at 1101.

We have considered Zhang's remaining arguments and find them to be meritless. Accordingly, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] Zhang also argues in her petition for review that her former counsel was ineffective for withdrawing her asylum application. But this argument is plainly meritless because the record demonstrates that Zhang withdrew her asylum application *before* she retained her prior counsel.

5