Reefer v. Holder

BIA
Nelson, IJ
A073 571 566

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand thirteen.

PRESENT:
JOSÉ A. CABRANES,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

MARVA GLENDA REEFER,
*Petitioner,*

v.                                          11-3577
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Garth Molander, Bohemia, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Russell J.E.
                       Verby, Senior Litigation Counsel;
                       Tim Ramnitz, Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marva Glenda Reefer, a native and citizen of Trinidad and Tobago, seeks review of an August 8, 2011, order of the BIA affirming a July 16, 2009, decision of immigration judge ("IJ") Barbara A. Nelson, which denied her second motion to reopen. *In re Marva Glenda Reefer*, No. A073 571 566 (B.I.A. Aug. 8, 2011), *aff'g* No. A073 571 566 (Immig. Ct. N.Y. City July 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered, and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.23(b). There is no dispute that Reefer's second motion to reopen, filed over 10 years after

2

the immigration judge's ("IJ") order of deportation became final, was untimely and number-barred.

Reefer contends, however, that the time limitation should be tolled due to her prior counsels' ineffective assistance. *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) (holding that ineffective assistance of counsel may toll the time limitation on a motion to reopen). To demonstrate ineffective assistance of counsel, a movant must show that competent counsel would have acted otherwise, and that she was prejudiced by her counsels' performance. *See Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994).

The agency did not abuse its discretion in denying Reefer's motion as she failed to demonstrate any prejudice and thus did not establish ineffective assistance as required to toll the time for filing her motion. Reefer has not established that she would have been eligible for any of the forms of relief she sought. First, she has not submitted any evidence, or made any claims, to establish her eligibility for asylum. As to adjustment of status, by her own admission she is not eligible for that relief, and she has never disclosed what underlying benefit she sought with her I-601 application, nor established that any waiver would have been approved, had it not been abandoned.

Lastly, Reefer has not established her eligibility for suspension of deportation because she did not accrue the requisite seven years of physical presence to be eligible for that benefit. *See* 8 U.S.C. § 1254(a)(1994). Reefer argued before the agency that her former counsel failed to follow the "common practice" of continuing proceedings and waiting to submit an application until the seven years of physical presence had been acquired. This argument is without merit because, as the BIA determined, it is the issuance of the order to show cause, and not the submission of the application for relief which ends tolling of the physical presence period. *See Rojas-Reyes v. INS*, 235 F.3d 115, 122-24 (2d Cir. 2000) (upholding retroactive application of the "stop-time" rule in suspension of deportation cases). Therefore, because Reefer did not have the requisite years of continuous physical presence at the time the order to show cause was issued in 1995, because she last entered the United States in 1990, she was ineligible for suspension of deportation. Because Reefer has not shown she was eligible for any form of relief sought, she is unable to show any prejudice and therefore is unable to show the ineffective assistance of counsel needed to extend the

4

time for filing her motion to reopen. *Rashid*, 533 F.3d at 130-31; *Rabiu*, 41 F.3d at 882.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk