11-1953
Siddiqui v. Holder

BIA
A072 184 770

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand thirteen.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
RAYMOND J. LOHIER,
*Circuit Judges.*

_____

MOHAMMAD SIDDIQUI,
*Petitioner,*

v.                                      11-1953
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:         Usman B. Ahmad, Long Island City,
                        New York.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Thomas B.
                        Fatouros, Senior Litigation Counsel;
                        Janette L. Allen, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Siddiqui, a native and citizen of Pakistan, seeks review of an April 27, 2011, decision of the BIA denying his motion to reopen his removal proceedings. *In re Mohammad Siddiqui*, No. A072 184 770 (B.I.A. Apr. 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Siddiqui's motion to reopen, filed more than seven years after his final order of removal, was untimely.

Siddiqui contends, however, that the time limitation should be tolled because his former counsel failed to pursue his petition for review in this Court in 2002, which constituted ineffective assistance. The time limitation for

2

a motion to reopen may be tolled due to ineffective assistance of counsel, provided that the movant: (1) alleges facts sufficient to show that competent counsel would have acted otherwise and that he was prejudiced by the ineffective assistance of counsel; and (2) establishes that he exercised due diligence in pursuing his claim.  *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008).

The BIA did not abuse its discretion in declining equitably to toll the limitations period because Siddiqui failed to demonstrate that he was prejudiced by his former counsel's actions, as the agency did not err in determining that he was an arriving alien and thus ineligible to apply for adjustment of status before the BIA or the immigration judge ("IJ").  *See Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994); *see also Brito v. Mukasey*, 521 F.3d 160, 166 (2d Cir. 2008) (noting that both before and after 2006 regulatory changes, IJs lacked jurisdiction over adjustment of status applications for arriving aliens placed in removal proceedings).  Furthermore, the Department of Homeland Security ("DHS") currently has jurisdiction to adjudicate adjustment of status applications for arriving aliens with unexecuted final orders of removal and to grant stays of

3

removal while such applications are pending. *See Matter of Yauri*, 25 I. & N. Dec. 103, 107-09 (B.I.A. 2009).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk