Lian v. Holder

BIA
Lamb, IJ
A073 201 298

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

LI XING LIAN, AKA JUAN WANG,

> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

> *Respondent*.

_____

11-4005
NAC

| | |
|---|---|
| FOR PETITIONER: | Li Xing Lian, *Pro Se*, Monterey Park, CA. |
| FOR RESPONDENT: | Stuart F. Delery, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Jason Wisecup, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Xing Lian, a native and citizen of the People's Republic of China, seeks review of the September 8, 2011 decision of the BIA affirming the March 29, 2011 decision of immigration judge ("IJ") Elizabeth Lamb denying her motion to reopen. *In re Li Xing Lian*, No. A073 201 298 (B.I.A. Sept. 8, 2011), *aff'g* No. A073 201 298 (Immig. Ct. N.Y. City Mar. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The agency's denial of Lian's motion to reopen was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lian's 2011 motion was untimely, as the final administrative decision was issued in 1997. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Although the time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R.

2

§ 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), Lian did not present any evidence showing country conditions in China for Christians in the present day, or comparing conditions to those at the time of her proceedings in 1997, but instead acknowledges that conditions for Christians in China have not significantly worsened. Lian argues that the relevant change is the Chinese government's awareness that she organized an underground church in China. Assuming without deciding that such a change in awareness may be sufficient to establish changed country conditions excusing the applicable filing deadlines, the BIA did not err in concluding that the evidence did not establish a realistic possibility of persecution in China. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).

The BIA's decision to accord limited weight to the two Village Committee Notices ("notices") and to the letters from Lian's aunt and former neighbor was not erroneous. The notices were photocopies that lacked indicia of authenticity, and the letters were from interested witnesses. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Additionally, the notices do not establish that Lian's treatment in China would rise to the level of persecution, s*ee Jian Hui Shao v. Mukasey,* 546 F.3d 138, 172 (2d Cir. 2008), and the statements by Lian's aunt and former neighbor are speculative and do not establish an objectively reasonable chance of persecution, s*ee id.* at 162.

Further, the BIA did not abuse its discretion when it declined to toll the filing deadline for Lian's motion to reopen based on her ineffective assistance of counsel claim.

3

Lian has not complied with any of the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), has made no attempt to show that she was prejudiced by her former counsel's allegedly ineffective assistance, and has not demonstrated that she exercised due diligence in pursuing her claim. *See Iavorski v. INS,* 232 F.3d 124, 135 (2d Cir. 2000)*; Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk