Bist v. Holder

BIA
A094 813 842

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand thirteen.

PRESENT:
>    ROSEMARY S. POOLER,
>    REENA RAGGI,
>    SUSAN L. CARNEY,
>        *Circuit Judges*.

_____

TILAK KALBAHADUR BIST,
>        *Petitioner*,

>        v.                                    11-4907
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Galab B. Dhungana, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Terri J. Scadron,
                         Assistant Director; Meadow W. Platt,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tilak Kalbahadur Bist, a native and citizen of Nepal, seeks review of the November 8, 2011, order of the BIA denying his motion to reconsider and reopen. *In re Tilak Kalbahadur Bist*, No. A094 813 842 (B.I.A. Nov. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of Bist's motion to reconsider and reopen as untimely for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reconsider must "specify the errors of fact or law in the [challenged BIA decision] and [] be supported by pertinent authority." *See* 8 U.S.C. § 1229a(c)(6); *Ke Zhen Zhao v. Mukasey*, 265 F.3d 83, 90 (2d Cir. 2001); 8 C.F.R. § 1003.2(b)(1).

We find that the BIA did not abuse its discretion here. Contrary to Bist's argument that his testimony was internally consistent and consistent with his supporting documentation, the BIA did not err in finding that the IJ's

2

adverse credibility determination was supported by the following inconsistencies: (1) Bist's testimony that his wife never had to leave their home, which contradicted his written statement that Maoists' threats forced his family to move and his later testimony that his wife did in fact leave their Kathmandu home; and (2) Bist's testimony that Maoists first approached him in 2005, which contradicted his relative's letter which gave the year as 1999.

The BIA also did not err in finding that Bist failed to establish that his due process rights were violated because he did not demonstrate how the translator's performance during his removal proceedings prejudiced him. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (requiring a showing of prejudice to establish a due process violation); *Matter of D-R-*, 25 I. & N. Dec. 445, 461 (BIA 2011) (holding that an alien challenging the competency of a translator must show both that the translator did not perform competently and that the alien was prejudiced as a result). Although the record contains examples of instances where the translator required extra questions to ascertain Bist's meaning or where the translator admitted to being "not very good" at reading Nepalese, Bist has not identified what, if any,

3

testimony was translated erroneously. Because Bist did not specify any errors in the BIA's previous decision, the BIA did not abuse its discretion in denying Bist's motion to reconsider.

In seeking reopening, Bist offered evidence showing that the Maoists had gained control of the internal security and police forces in Nepal. However, because the evidence of changed country conditions was related to his claim that he was subject to persecution in Nepal because of his anti-Maoist views, a claim which the agency had found to be not credible, any change in conditions was not material as he had not demonstrated error in the adverse credibility determination.[*] *See* 8 C.F.R. § 1003.2(c)(1) (requiring that the new evidence supporting reopening be material); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency does not abuse its discretion in denying a motion to reopen based on changed country conditions where there is an underlying adverse

---

[*] Bist requests that this Court take judicial notice of an additional fact relating to country conditions. That request is denied because judicial review is limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A).

4

credibility finding).  Accordingly, the BIA did not abuse its discretion in denying reopening.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk