Lecaj v. Holder

BIA
A099 075 388

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand fourteen.

PRESENT:
        REENA RAGGI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

FATMIR LECAJ,
        *Petitioner,*

        v.                                  12-1629
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Thomas E. Moseley, Newark, New Jersey.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Shelley R.
                       Goad, Assistant Director; Katharine E.
                       Clark, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department of
                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Fatmir Lecaj, a native and citizen of Montenegro, whose petition for asylum based on feared religious, political, and ethnic persecution was denied, see Lecaj v. Holder, 616 F.3d 111 (2d Cir. 2010), now seeks review of an April 3, 2012 order of the BIA denying his motion to reopen. In re Fatmir Lecaj, No. A099 075 388 (B.I.A. Apr. 3, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we discuss only as necessary to explain why we identify no abuse of discretion in the challenged denial.

Mindful of the Supreme Court's admonition that motions to reopen asylum proceedings are "disfavored," INS v. Doherty, 502 U.S. 314, 322-23 (1992), we review the denial of such motions only for abuse of discretion, Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). Lecaj's motion to reopen, filed in November 2011, was plainly untimely, given that his order of removal became final in January 2009, and the law expects that motions to reopen will be filed no later than 90 days

thereafter. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Lecaj does not dispute this chronology. Rather, he faults the BIA's failure equitably to toll the filing period based on claimed ineffective representation. Specifically, he challenges the BIA's finding that he failed to demonstrate the prejudice or diligence necessary to secure equitable tolling for that reason. See Rabiu v. INS, 41 F.3d 879, 882 (2d Cir. 1994) (requiring prejudice); see also Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008) (requiring due diligence during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed").

The due diligence requirement contemplates "a two-step inquiry that first evaluates reasonableness under the circumstances—namely, whether and when the ineffective assistance was or should have been discovered by a reasonable person in the situation"—and, second, expects petitioner to show he acted diligently in pursuing reopening once he discovered the purported ineffectiveness. Jian Hua Wang v. BIA, 508 F.3d 710, 715 (2d Cir. 2007) (internal quotation marks and citation omitted). In this case, the BIA reasonably

3

identified the discovery date as December 2010, when the mandate of this court issued in Lecaj v. Holder, 616 F.3d at 117-19, wherein we made clear that Lecaj had failed to submit the evidence necessary to overcome agency findings of changed country conditions.

The BIA acted within its discretion in finding that Lecaj failed to demonstrate the due diligence required to toll the eleven months between the December 2010 mandate and his November 2011 filing of a motion to reopen. Insofar as the de-accreditation of Lecaj's representative did not become public until July 2011, Lecaj failed to articulate before the BIA why that fact was necessary to his own awareness of ineffective assistance in the failure to present evidence, including testimony from his own sister, relevant to the issue of changed country conditions. Because Lecaj thus failed to demonstrate that July 2011 was the earliest date he should have known of the ineffective assistance, or to articulate any other reason excusing his failure to file before November 2011, the BIA did not abuse its discretion in finding that he failed to demonstrate the due diligence necessary for equitable tolling. See Jian Hua Wang, 508 F.3d at 715.

Nor do we identify any abuse of discretion in the BIA's

4

finding that Lecaj failed to demonstrate prejudice given that he attributed ineffectiveness only to his counsel of record, a BIA "accredited representative," and not to the attorney who actually appeared on his behalf at his asylum hearing. That conclusion is only reinforced by Lecaj's failure to present the Board with anything more than conclusory assertions that testimony from his sister and an unidentified expert would have resulted in his procurement of asylum. See Rabiu v. INS, 41 F.3d at 882–83.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5