Tian v. Holder

BIA
Sichel, IJ
A200 026 821

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand fourteen.

PRESENT:
        PIERRE N. LEVAL,
        REENA RAGGI,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.

_____

ZHONG FEI TIAN,
        *Petitioner*,

        v.                                    12-4468
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Stuart Altman, Esq., New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Scott M. Marconda, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhong Fei Tian, a native and citizen of the People's Republic of China, seeks review of an October 25, 2012 decision of the BIA, affirming the June 8, 2010 decision of Immigration Judge ("IJ") Helen Sichel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Zhong Fei Tian*, No. A200 026 821 (B.I.A. Oct. 25, 2012), *aff'g* No. A200 026 821 (Immig. Ct. N.Y. City June 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). For asylum applications governed by the REAL ID Act,

the agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies in the asylum applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. Here, substantial evidence supports the agency's determination that Tian was not credible.

Tian omitted from both his asylum application and his testimony at his first merits hearing, and his wife omitted from her letter, his claim that family planning officials sought to arrest him and that he fears harm on account of his resistance to China's family planning policy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. As the IJ noted, Tian had reason later to embellish his claim to include a fear of harm for resisting the family planning policy because, after he filed his asylum application and testified at his first merits hearing, we issued our decision in *Shi Liang Lin v. United States Department of Justice*, 494 F.3d 296 (2d Cir. 2007), under which he was no longer *per se* eligible for relief based solely on his wife's forced abortion.[1]

---

[1] *Shi Liang Lin* did not create a new category of eligibility based on "other resistance" to coercive family planning

Tian attempts to explain this discrepancy by arguing that his former counsel's employee provided ineffective assistance by advising him only to include in his application and testimony information about his wife's abortion. But in response to open-ended questions, Tian testified about a fear of imprisonment for having illegally departed China, yet failed ever to mention any facts related to his other resistance claim. In such circumstances, the IJ reasonably rejected Tian's explanation that he was prevented from raising any claim other than his wife's forced abortion based on advice from his former counsel's office. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (stating that petitioner "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony" (emphasis in original) (internal quotation marks omitted)); *see also Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir. 1994).

---

programs. Persecution based on resistance to a coercive population control program has been a basis for asylum relief since the Illegal Immigration Reform and Immigrant Responsibility Act was enacted in 1996. *See* 8 U.S.C. § 1101(a)(42)(B). Therefore, when Tian first applied for asylum in 2005, his claimed fear of persecution on account of his resistance to the family planning policy was a basis for relief.

Given the material omission from Tian's application and testimony, coupled with the timing of his additional claim following the *Shi Liang Lin* decision, the agency reasonably found Tian not credible. *See Xiu Xia Lin*, 534 F.3d at 163-64, 166 & n.3. Accordingly, the agency did not err in denying Tian asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5