13-4149
Zheng v. Lynch

BIA
A079 114 543

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

HUA ZHENG,
> *Petitioner,*

> v.                                    13-4149
>                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
> *Respondent.*

_____

FOR PETITIONER:          Nataliya I. Gavlin, New York, New York.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**          Stuart F. Delery, Assistant Attorney General; Katharine E. Clark, Senior Litigation Counsel; Patricia E. Bruckner, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Zheng, a native and citizen of China, seeks review of a September 30, 2013 decision of the BIA denying her motion to reopen her case. *In re Hua Zheng*, No. A079 114 543 (B.I.A. Sept. 30, 2013). We assume the parties' familiarity with the underlying facts and procedural history.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A motion to reopen must be filed within 90 days of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Zheng filed this motion more than three years after the agency entered an order of removal against her. Her motion was therefore untimely.

2

Zheng argues, however, that the time limitation should be tolled, because her counsel was ineffective by not pursuing cancellation of removal before the immigration judge. In order to benefit from equitable tolling, a petitioner must comply with certain procedural requirements, and must show prejudice as a result of the ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). A showing of prejudice requires that an alien make a prima facie showing of eligibility for the requested relief. *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994).

Zheng claimed prejudice from her attorney's failure to pursue cancellation of removal under 8 U.S.C. § 1229b(b)(1) and her attorney's statement, without investigating or consulting with Zheng, that she could not establish continuous presence in the United States, as required under that statute. She argues that the BIA abused its discretion in concluding that she had not made a prima facie showing of eligibility for cancellation of removal. Specifically, she argues that the BIA should have credited an identification card issued in the United States in 1996 and photographs of herself allegedly in the United States in 1996, 1997, and 1998.

The BIA found that Zheng had failed to demonstrate ten years of continuous physical presence in the United States, as required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A). As to the documentary evidence that Zheng argues the BIA should have credited, the BIA either discounted or did not explicitly address it in its opinion. To support her presence in the United States during the years 1996 and 1997, Zheng submitted a New York Language Institute identification card issued in the name of "Wanda Zheng." But Zheng has not explained whether she is also known by Wanda, and on her applications for cancellation and removal, she responded "no" when asked whether she uses any alias or other names. *See INS v. Abudu*, 485 U.S. 94, 109–10 (1988) (recognizing that the alien "bears a heavy burden" in demonstrating that reopening is warranted, and that facts and ambiguities need not be viewed in the light most favorable to the movant on a motion to reopen). While the BIA did not address Zheng's personal photographs, we do not require the BIA to expressly refute each argument or piece of evidence, and we presume that it has taken into account the evidence before it unless the record suggests otherwise. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).

4

We find no abuse of discretion here. The photographs either were not identifiable as taken in the United States or do not have legible date stamps. Aside from the card and the photographs, Zheng offers no other evidence of her alleged presence in the United States from 1996 to 1999. Given that the record supports the BIA's findings concerning Zheng's evidence, the BIA did not abuse its discretion in finding that she had not made a prima facie showing of eligibility for cancellation. Absent prima facie eligibility, she cannot show prejudice required to except her motion from the time limitation.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5