Li v. Sessions

BIA
Nelson, IJ
A088 805 040

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand seventeen.

PRESENT:
    BARRINGTON D. PARKER,
    DEBRA ANN LIVINGSTON,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

YINGJI LI,
        *Petitioner,*

    v.                                          16-1627
                                                NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:** Evan Goldberg, Law Office of Theodore M. Davis, New York, NY.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Imran R. Zaidi, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

_____

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yingji Li, a native and citizen of the People's Republic of China, seeks review of an April 28, 2016, decision of the BIA affirming a July 29, 2015, decision of an Immigration Judge ("IJ") denying her withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yingji Li,* No. A088 805 040 (B.I.A. Apr. 28, 2016), *aff'g* No. A088 805 040 (Immig. Ct. N.Y. City July 29, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland*

2

*Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

There is no merit to Li's claim that the IJ violated her due process rights by failing to hear additional testimony or admit new evidence on remand regarding Li's membership in the Chinese Democracy Party ("CDP"). In the immigration context, "[t]o establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (citation and internal quotation omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, 'allege some cognizable prejudice fairly attributable to the challenged process.'" *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quoting *Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004)).

Here, Li was permitted a full and fair opportunity to present her case. *See Burger*, 498 F.3d at 134. During her May 10, 2011 hearing, Li testified at length regarding her membership in the CDP and submitted evidence in support of that claim. Li now claims that the IJ should have conducted a

hearing or taken new evidence after her case was remanded in May 2013. But Li appeared before the IJ several times after remand and never requested a new hearing or otherwise indicated that she had additional evidence to submit. Furthermore, Li fails to show actual prejudice because she has not identified the additional testimony or evidence she would have submitted. *See Garcia-Villeda*, 531 F.3d at 149; *Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994) ("In order . . . to show . . . actual prejudice, [a petitioner] must make a prima facie showing that [s]he would have been eligible for the relief and that [s]he could have made a strong showing in support of h[er] application." (citation omitted)).

There is no merit to Li's related argument that the IJ abused her discretion by failing to articulate a reason why she granted withholding of removal but then denied that same form of relief after reopening. Contrary to Li's suggestion, the IJ did not initially grant withholding of removal on the merits of the claim, but rather based the grant solely on the parties' stipulation. Once Li withdrew her consent to the stipulation and requested reopening, the IJ properly evaluated Li's claim on the merits.

4

The BIA declined to consider Li's claim that she satisfied her burden of proof on the grounds that Li failed to argue that claim on appeal. Accordingly, we may not consider Li's unexhausted challenge to the IJ's finding in this regard. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed the basis for [the BIA's] decision."). We do not reach the agency's rejection of Li's application for asylum as untimely or the denial of withholding of removal and CAT relief insofar as those claims were based on Li's assistance to North Korean refugees because Li does not address these rulings in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk